490    IROQUOIS AG'L SOC. *v.* BATES & LIPPINCOTT.    [Sept.T.,

Syllabus.    Statement of the case.    Opinion of the Court.

## IROQUOIS AGRICULTURAL SOCIETY

*v.*

## BATES & LIPPINCOTT.

1. AGRICULTURAL SOCIETY—*which of two entitled to State bounty.* Under the act of May 18, 1857, and the subsequent act of 1861, providing for the payment of $100 by the State to county agricultural societies, the society first duly organized is entitled to the bounty.

2. Where two agricultural societies organized in the same county, each applied for the State bounty, and the board of supervisors decided that the society last organized was entitled to it, upon which the auditor acted with notice of the facts: *Held*, on application for *mandamus* by the older society, that the petitioner was entitled to the bounty, and that the action of the board of supervisors could not affect the question.

This was an application for a *mandamus* against Charles E. Lippincott, auditor of the State, and Erastus N. Bates, treasurer, to compel the former to issue his warrant on the treasurer in favor of the petitioner for $100, and the latter to pay the same.

Messrs. ROFF & DOYLE, for the petitioner.

Messrs. BLADES & KAY, for the respondents.

Per CURIAM: This is a contest between two agricultural societies of Iroquois county, as to which is entitled to the sum of $100 directed by the act of May 18th, 1857, and the subsequent act of 1861, to be paid from the State treasury to county societies.

It appears the petitioner, holding its fairs at Onarga, in said county, was duly organized under the act of 1857, Scates' Comp. 83, in May, 1866, and the other society, holding its fairs at Watseka, was not organized until May, 1867. The first society received its bounty every year from the time of its organization until 1870, when this petition was filed. In that year both societies demanded a warrant from the auditor of the State upon the treasurer for the $100, and both presented

the certificate of the county clerk showing their due organization. The auditor decided to issue his warrant to that society which the board of supervisors of the county should. decide was entitled to it, and the board decided in favor of the society last organized. The auditor thereupon issued his warrant to that society, and the money was paid. The older society notified the auditor, in advance of the decision of the board of supervisors, that it would not be governed by such decision, and now prays a *mandamus* against the auditor to compel the issue of a warrant in its favor.

We are of opinion that the *mandamus* must be awarded. The law contemplates but one county society to which this bounty is to be paid, and that must necessarily be the society first duly organized. As long as such society keeps up its organization, no new association can be formed which can oust it of its rights and privileges as a county society, without its consent.

The law of 1857 was designed to provide for the incorporation of only one county society for each county, and such society having been formed, no other could displace it.

The auditor, having notice of the facts, was obliged to determine which of these societies was entitled to the money. The action of the board of supervisors of Iroquois county could not affect the question, and although the auditor undoubtedly acted in the utmost good faith, we are of opinion he committed an error of judgment. The warrant was issued in favor of a society not entitled to it, and this can not affect the rights of the society which is entitled to it.

The petitioner has a legal right to the warrant and the payment of the money, and the peremptory *mandamus* must issue.

*Mandamus awarded.*